UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No. 20-cv-2978
KRZYSZTOF SARZYNSKI,

        Plaintiff,                       **FLSA COMPLAINT**

    v.

S.W. QUEENS MEZZANINE LLC        **PLAINTIFF DEMANDS
                                                                        TRIAL BY JURY**

        Defendants
-------------------------------------------------------------------X

    Plaintiff KRZYSZTOF SARZYNSKI, by her attorneys, SEKENDIZ LAW FIRM P.C., upon information and belief, complain of Defendants as follows:

## INTRODUCTION

1. Plaintiff brings this action charging that the Defendant violated Plaintiff's rights under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.), hereinafter "FSLA" or "the Act", to recover unpaid back wages, unpaid overtime, and an additional amount as liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to *Gibb*, 38 U.S. 715 (1966), and 28 U.S.C. §1367

## JURISDICTION

2. Jurisdiction of this action is conferred upon the court by § 16(b) of the FLSA (29 U.S.C. §216 (b)). The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Jurisdiction is also conferred upon this Court by 42 U.S.C. Sect. 2000e-5; 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343. 29 U.S.C. § 216 (b) ("FLSA"), 28 U.S.C. § 1337

(interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

4. This action involves questions of federal law. 28 U.S.C. § 1331

5. Venue is proper in this district based upon Defendants' principal place of business within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6. Plaintiff is a resident of the County of Queens and the State of New York.

7. Defendant S.W. QUEENS MEZZANINE LLC is a domestic corporation that does business in the State of New York.

8. Defendant operate a building located at 2710 30th Avenue, Astoria, New York 11102

9. Defendant own a building located at 2710 30th Avenue, Astoria, New York 11102

10. Upon information and belief, defendant employed more than fifty (50) employees.

11. Defendant's principal place of business is located at 145 Huguenot Street, RM 503 New Rochelle, New York, 10801.

## MATERIAL FACTS

12. In or around 2007, Plaintiff was hired by the defendant as a handyman.

13. In or around 2011, defendant changed Plaintiff's job title from handyman to superintendent.

14. In or around 2011, defendant reduced Plaintiff's pay rate because he was given an apartment to live in.

15. Plaintiff's job responsibility was to paint, plaster and do repairs concerning the units he was assigned to.

16. Plaintiff was assigned to work at defendant's building located at 2710 30th Avenue, Astoria, New York 11102.

17. The building located at 2710 30th Avenue, Astoria, New York 11102 consists of sixty-nine (69) residential and one (1) office units.

18. Plaintiff's initially agreed work hours were from 8:00AM to 5:00PM Monday to Friday (5) days a week. However, Plaintiff was required to work over the weekends shortly after he was hired.

19. Even though Plaintiff's shift was supposed to be over at 5:00PM, Plaintiff had to work an average of extra three (3) hours every day.

20. Even though, Plaintiff was not supposed to work over the weekends, on average Plaintiff was required to work 12 (twelve) hours a day on Saturdays.

21. Even though, Plaintiff was not supposed to work on weekends, on average, Plaintiff was required to work twelve (12) hours a day on Sundays.

22. Starting from 2011 as a superintendent up until his termination on February 18, 2020 Plaintiff worked approximately eighty-four (84) hours a week.

23. During his employment with the defendant, Plaintiff was required to respond to any work-related phone calls 7/24 and must respond to inquiries within a two (2) hour time-period.

24. The defendant paid only $600.00 (six hundred dollars) a week to Plaintiff for the year 2019.

25. The defendant paid only $550.00 (five hundred and fifty dollars a week to Plaintiff for the year 2018.

26. The defendant paid only $500.00 (five hundred dollars) a week to Plaintiff for the year 2017.

27. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal law.

28. No notification, either in the form of posted notices, or other means, was given to Plaintiff regarding overtime and wages under the FLSA.

29. Defendant did not provide Plaintiff with any document or other statement accounting for his actual hours worked or setting forth the rate of pay for all of her hours worked.

30. Plaintiff now bring this action to recover damages, including but not limited to, unpaid overtime premiums, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA")

31. Defendant willfully violated Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.),

32. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

33. As Defendant's conduct has been willful, outrageous, done with full knowledge of the law, and malicious, Plaintiff also demands punitive damages against Defendants.

34. Defendant never paid Plaintiff for any overtime hours worked.

35. Defendant's actions created an environment that no reasonable person would tolerate.

36. Defendant violated the FLSA by not paying Plaintiff for overtime work as required by the Act.

37. Defendant violated the FLSA by retaliating against Plaintiff for attempting to exercise his rights under the Act and opposing defendants' unlawful practices.

38. The U.S. Department of Labor has recently stated that live-in superintendents must earn overtime wages from their employers according to federal law. These employees are advised to keep personal records of all hours worked. Live-in superintendents shall earn time and a half their usual rate of pay for any hours worked over 40 in each workweek

4

## AS A FIRST CAUSE OF ACTION
## FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

39. Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

40. Defendant willfully employed Plaintiff in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for her employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which she was employed.

41. Defendant's failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §207.

42. As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in at least an amount equal to such underpayment of wages, and Defendant is therefore indebted to Plaintiff for back wages.

43. Defendant willfully violated the Act.

## INJURY AND DAMAGES

70. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer loss of a salary, overtime payments, bonuses, benefits, tips and other compensation which such employment entails

71. Plaintiff also claims liquidated damages, punitive damages and attorney fees.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendant:

(a) Declaring that Defendant has violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

5

(b) Declaring that Defendant has violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

(c) Declaring that Defendant has violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA.

(d) Declaring that Defendant's violation of the provisions of the FLSA were willful as to Plaintiff.

(e) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff and the FLSA liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) All such other and further relief as the Court deems just and proper

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, NY
July 3, 2020

By:____/Ismail S. Sekendiz/_____

Ismail S. Sekendiz

Attorneys for Plaintiff
45 Broadway Suite: 1420
New York, NY 10006
(212) 380-8087

6